## CITY OF PENSACOLA v. JONES.

Circuit Court, Escambia County, Criminal Appeal.
September 3, 1964.

Wilmer H. Mitchell of Holsberry, Emmanuel & Sheppard, Pensacola, for appellant.

Rollin D. Davis of Shell, Fleming & Davis, Pensacola, for appellee.

ERNEST E. MASON, Circuit Judge.

This is an appeal from a judgment of the municipal court of the city of Pensacola adjudging appellant guilty of speeding in violation of section 32.37 of the code of ordinances of said city, of driving while under the influence of intoxicating beverages in violation of section 20.17 of said code and of failing to stop at stop signs in violation of section 32.47 of said code. The appellant pled guilty to speeding. He was sentenced to pay a fine of $100 and to pay costs on all charges and his driver's license was suspended for 90 days. He appeals from that portion of the judgment which adjudicated him guilty of running stop signs and driving while intoxicated.

Appellant's assignments of error, twelve in number, fall into three general classes. First, he says the evidence was insufficient to sustain his conviction of the two last-stated charges, and second, he charges the trial court with partiality in the trial of the case. The third class of assignment of error is the charge that the court below permitted a witness to testify who had been sitting in the courtroom during the progress of the trial.

We hold the last assignment of error not well founded for the reason that the record reflects that the witnesses were not placed under the rule. The appellant did not ask for the rule. Where the rule is not requested, the court does not commit error for not itself placing the witnesses under the rule, unless it is clearly apparent from the record that prejudicial harm was done by allowing a witness to testify who sat in the courtroom while other witnesses were testifying. A careful reading of the testimony of the witness in question does not indicate that it was colored by anything that had been previously testified to, the whole tenor of it being merely corroborative of the prosecution's testimony as to the appellant's intoxicated condition. No new element was injected by this witness.

We come now to the series of assignments having to do with the sufficiency of the evidence. Although the appellant was charged with violations of municipal ordinances which are not crimes, they are criminal in character in that the end result may be loss of liberty by incarceration in the municipal jail or, as was the case here, a forfeiture of money by the requirement of the payment of a fine and loss of driving privilege. We, therefore, hold that the burden is upon the prosecution to prove guilt beyond and to the exclusion of reasonable doubt.

These offenses were tried by the municipal judge without a jury, as is the practice in this state. The judge sitting as judge and jury is therefore the arbiter both of the law and the facts. In this case the facts were in dispute, the prosecution witness as to the charge of running stop signs and driving while intoxicated testified that appellant was guilty of both offenses, while the appellant denied his guilt in his testimony. There was no corroborating testimony on the part of either side of the issue as to the charge of running stop signs. There was a corroborative witness on the issue of intoxication of appellant who testified for the prosecution that appellant was under the influence of alcohol to such extent as to make him unfit to drive a motor vehicle.

This record reflects what would ordinarily be a clear case for resolution of disputed issues of fact by the trial judge, and his judgment would in such instance not be disturbed by this court sitting as a reviewing forum. Where there are such disputed issues of fact and the record reflects sufficient competent evidence which, if believed by the trial judge, would sustain a conviction, this court would not substitute its view of the weight of such evidence for that of the trial judge who sat and heard the witnesses and weighed their testimony. Applying this rule to this case we find that as to the charge against appellant of running stop signs, there was sufficient competent evidence to justify the trial court in finding him guilty of such offense, and that as to such offense we find that there was no prejudicial error committed which would justify a reversal of this part of the judgment below. We find that as to this charge, appellant received a fair trial, and we therefore affirm that part of the judgment below which convicts him of such offense.

However, our review of the record herein raises a grave question in our mind as to the impartiality of the court below in its consideration of the issue of appellant's sobriety or lack of it at the time of his operation of the automobile which he was charged with having driven while intoxicated. There was a direct conflict in the testimony of appellant and that offered by the prosecution on this issue, in the light of which conflict the conduct of the trial court in the resolution of this issue must be considered in determining whether the issue was fairly and impartially decided by him.

In order to determine whether appellant received a fair and impartial trial on the issue of sobriety it is necessary to consider not only the evidence presented by both sides on this issue, but also statements made by the trial judge during the trial. After the prosecution had rested the appellant took the stand to testify. He stated his name and residence in response to his lawyer's questions. Thereafter followed questions by the lawyer, appel-

lant's answers thereto, colloquy between appellant's lawyer and the judge, and statements made by the judge directed to appellant at the end of such colloquy, all of which we set out verbatim as taken from the transcript of the trial, as follows —

Q. And just for your general background, what, quickly, is your line of work?

A. I have a degree in electrical engineering.

THE COURT: The court is not interested in that. We go through this every day down here. We are interested in, only, whether he was intoxicated, whether or not he had a license to drive, whether or not he was in the vicinity and went through these stop signs, whether or not he was speeding and whether or not he was operating his vehicle in a careless and reckless manner. Those are the things involved here.

MR. MITCHELL: We merely offer this to show what sort of man he is. Very briefly, he is a college graduate — a graduate of the University of Florida . . .

THE COURT: Unfortunately, college graduates get drunk like everybody else.

MR. DAVIS: The city will stipulate to all of this.

THE COURT: I will accept the fact that the man is a sterling character, that he is a college graduate and he is a good man.

MR. MITCHELL: And we would like the record to show that he is a bachelor.

THE COURT: And he is a bachelor.

Q. Now Charles, on Baylen Street what was your speed? Say at Baylen and LaRua, as you recall?

A. I would say I was doing closer to 40 than to 50.

MR. MITCHELL: Your Honor, at this time my client pleads guilty to any charge of speeding at Baylen and LaRua. However, his testimony is that he was going closer to 40 than to 50.

(At this point of the proceedings there was a discussion by the judge with the defendant and his counsel *concerning an offer to accept a guilty plea to a lesser charge than DWI. This discussion was off-the-record at the instruction of the judge.*)

MR. MITCHELL: Your Honor, I appreciate that but I do think the court should be apprised of a couple of points about the driving, and I want to go into that.

THE COURT: *You have been offered something now, and if you bring out something that will cause the court to change its mind, then your driver's license is at stake.*

MR. MITCHELL: We will continue.

THE COURT: *All right, if you lose it is on you.*

*(Italics added.)*

Following this exchange between the judge and appellant and his lawyer, appellant proceeded to testify, stating that his faculties were not impaired by the drinking that he admitted having done on the night of his arrest, and prior thereto. He admitted having consumed about nine "beers" in a space of five to six hours immediately prior to the incident of his driving which resulted in his arrest. Upon the completion of his testimony the prosecution called the officer who had booked appellant at the city jail. This officer testified that at that time appellant was still under the influence of alcohol and unfit to drive. Upon this evidence, although in conflict, the trier of facts would undoubtedly have been justified in concluding the issue of sobriety against appellant and in convicting him of driving while intoxicated. However, such a determination of the conflicting issue of fact must be made, if it is to stand upon review, *solely* from a consideration of the evidence, and must not have been made until all the evidence was in, and must have been reached by a mind completely impartial, both consciously and subconsciously.

We would not say conclusively that following the above exchange between the trial judge and appellant and his lawyer the judge became attitudinized against the appellant, and therefore, did not fairly and impartially weigh appellant's testimony, but such a conclusion is the only reasonable one in view of the judge's statement to appellant and his lawyer of "All right, if you lose it is on you." This statement would seem to indicate pique on the part of the trial judge against appellant for not having accepted his offer of willingness to receive a plea of guilty to a lesser offense. That the judge did make such an offer "off the record" is borne out by the judge's statement at the time of sentence that "When the city rested a while ago, the court offered to accept his plea to reckless driving." A reading of the cold record alone, even without the benefit of a recording of the inflections of voice which must have accompanied the judge's statements, reflects an impatience on his part with appellant before the latter had even given his testimony. It is, therefore, very doubtful that appellant's side of the case was received by the court with that open mind which is a prerequisite to the dispensation of even-handed justice. Trial judges should not only act with impartiality in the trial of a case, they should so conduct the trial as not to give any appearance of partiality. Like Caesar's wife, their conduct must be beyond suspicion. This is important at every level of the administration of justice, but it is of the utmost importance in municipal and traffic courts which handle more cases, perhaps, than all other trial courts combined. It is in these courts that so many people receive the only impression of the administration of justice that they will ever have occasion to form. And they are entitled to receive in those courts the same impartial and even-

handed justice as they would expect to receive in the highest courts of the land. If confidence in our judicial processes is to be maintained, trial courts must so conduct themselves as to raise no doubt in the mind of any litigant of their impartiality. Even under the pressure of staggering case loads the trial judge must, if the litigant is to believe that he will receive justice at his hands, try each case before him with the same care and patience as though it were the only one on his calendar.

In conclusion, we would observe that trial judges should not offer to trade with a person standing before the court charged with an offense. Courts are not houses of bargaining, and judges charged with the responsibility of administering justice should not put themselves in a position of "trading" a result in consideration of a defendant relinquishing his right to be heard on the facts in the case, even though at the risk of the receipt of a greater punishment. Any suggestion of a plea of guilty should come from one of the parties, not ever from the court. Furthermore, everything the court says in the course of a trial should be "on the record," for that is the only way both parties may be assured that everything which influenced the result of the trial is available for review in event of an appeal.

We are of the opinion that the ends of justice demand a reversal of the conviction on the charge of driving while intoxicated and a new trial in an atmosphere free of the issue of the question of offer and refusal of a plea to a lesser offense.

We affirm the judgment below insofar as it convicts the appellant of running stop signs and speeding. We reverse that part of the judgment which convicts him of driving while intoxicated and remand the case to the court below for a new trial on this latter charge. The suspension of appellant's driver's license is reversed.

Affirmed in part. Reversed in part.